UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

AMEROPAN OIL CORPORATION et al.,

    Plaintiffs,

           – against –

ROLF W. WITTICH et al.,

    Defendants.

-------------------------------------------------------X

ORDER
06-CV-2073 (JFB)(WDW)

JOSEPH F. BIANCO, District Judge:

On May 3, 2006, *pro se* defendant Rolf W. Wittich filed a single removal petition for two actions filed in Supreme Court, Nassau County. Plaintiffs now move this court to remand the actions on the grounds that removal was untimely and is improper. For the reasons set forth below, plaintiffs' motion is GRANTED.

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 1:00-1898, MDL 1358 (SAS), M 21-88, 2006 U.S. Dist. LEXIS 20575, at *7 (S.D.N.Y. April 17, 2006) (quoting *R.G. Barry Corp. V. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quotation omitted)). As discussed below, defendant's attempt to remove the state court actions must fail because (1) it is untimely; and (2) there is no basis for federal jurisdiction.

## I. THE REMOVAL PETITION IS UNTIMELY

The federal removal statute provides, in relevant part, that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). The instant actions, *Peter Wittich v. Rolf Wittich*, No. 03-2708 and *Ameropan Oil Corp. v. Wittich*, No. 03-6440, were each originally commenced by service of a summons and complaint on February 19, 2003, and April 24, 2003, respectively. The actions, having commenced over three years ago, are outside the time permitted under the removal statute for two reasons. First, defendant did not file his notice of removal within thirty days of service of the pleadings. In the Notice of Removal, defendant claims that the state court's Order to Show Cause dated April 28, 2006, makes the case removable, implying that the thirty day period started from the date of that Order. That claim is meritless and the time for removal has run. There is nothing in that Order that relates to removability of the cases and, thus, the date of service of the initial pleading is what governs here. Defendant's reliance on *Worthy v. Schering Corp.*, 607 F. Supp. 653, 656 (E.D.N.Y. 1985), for his argument that removal is timely, is misplaced. In *Worthy*, Judge Glasser addressed whether an affirmation accompanying plaintiff's motion to consolidate should have alerted defendant that a nondiverse codefendant had not been served and held that "the period for filing a petition for removal runs only after the defendant receives a

2

document from which it can 'intelligently ascertain removability.'" *Id.* (quoting *E.W. Howell Co. v. Underwriters Labs. Inc.*, 596 F. Supp. 1517, 1520 (E.D.N.Y. 1984)). In the instant case, unlike the situation in *Worthy*, defendant could have intelligently ascertained removability based on the summons and complaint, and the April 28, 2006 Order to Show Cause in no way changes that analysis.

Second, though it is unclear from the Notice of Removal whether defendant alleges diversity jurisdiction under 28 U.S.C. § 1447, the time for the case to be removed under a theory of diversity jurisdiction elapsed approximately two years ago. *See* 28 U.S.C. § 1447 ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").

## II. REMOVAL PETITION CONTAINS NO BASIS FOR SUBJECT MATTER JURISDICTION

Finally, even if the removal were timely, defendant has failed to establish any basis for subject matter jurisdiction. Section 1447(c) of Title 28 provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Based on a review of the complaint, it appears there is no diversity of citizenship in either of the actions. In particular, the complaints indicate that all parties are residents or citizens of the state of New York. Therefore, this Court lacks subject matter jurisdiction based on diversity.

With respect to federal question jurisdiction, though defendant contends that there is a federal question presented in the complaints, the Court finds no basis for the exercise of removal jurisdiction in defendant's submissions. Federal question jurisdiction provides district courts with jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Even if a federal law does not provide for a right of action, federal

3

jurisdiction may arise where a state law claim raises a disputed and substantial federal issue. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) ("[T]he existence of a 'cause of action created by federal law' is not a necessary condition for federal-question jurisdiction. . . . 'Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'") (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2368 (2005)). The claims alleged in the instant actions are all state claims; they do not arise from federal question and do not raise a federal issue sufficient to warrant federal question jurisdiction. Defendant attempts to argue that claims in the instant actions arise under the Commerce Clause, thus providing the Court with jurisdiction. After reviewing the complaints, the Court finds no basis for this assertion. There are no claims arising under the Commerce Clause in the instant actions.

### III. CONCLUSION

Accordingly, for the reasons stated above, this case is remanded to state court. The clerk of the court shall close this case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:   June 5, 2006
         Central Islip, New York